```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MEREDITH AND ROBERT COGAR, individually
and as husband and wife, and
SEAN COGAR, individually and as son
of Robert and Meredith Cogar,**

      Plaintiffs,

v.                                                    Civil Action No. 2:21-CV-6
                                                                                       (Kleeh)

**SCOTT KALNA, in his individual capacity
and as an officer with and employee of
the USDA Forest Service Law Enforcement
and Investigation, and
ALLEN COGAR, in his individual capacity
and as a police officer employed by the
town of Richwood, located in Nicholas County
and as a police officer employed by the town
of Cowen, located in Webster County,**

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21]**

Pending before the Court is *Defendant Scott Kalna's Motion to Dismiss Plaintiffs' Amended Complaint* [ECF No. 21]. For the reasons discussed herein, the Motion is **GRANTED**.

                I.    <u>PROCEDURAL HISTORY</u>

On March 12, 2021, Plaintiffs Meredith Cogar, Robert Cogar, and Sean Cogar, (collectively, "Plaintiffs"), by counsel, filed a Complaint against Defendants Scott Kalna ("Defendant Kalna") and Allen Cogar ("Defendant Cogar") alleging that Defendant Kalna and Defendant Cogar violated their constitutional rights. ECF No. 1, Complaint. This violation allegedly occurred six years prior, on

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21]**

March 14, 2015.  Id. Defendant Kalna, by counsel, filed a Motion to Dismiss Plaintiffs' Complaint on July 7, 2021.  ECF No. 9. On July 26, 2021, Plaintiffs filed a Motion to Amend their Complaint along with a proposed Amended Complaint. ECF No. 12. On August 9, 2021, the Court granted Plaintiffs' Motion to Amend and on August 10, 2021, Plaintiffs filed their Amended Complaint. ECF No. 16. Defendant Scott Kalna, by counsel, filed a Motion to Dismiss Plaintiffs' Amended Complaint on August 19, 2021.  ECF No. 21. Plaintiffs, by counsel, responded in opposition to the motion. ECF No. 23. Defendant Kalna's Motion to Dismiss Amended Complaint ("motion") [ECF No. 21] is ripe for decision and is the subject of this Memorandum Opinion and Order.

On September 28, 2021, Defendant Scott Kalna's counsel filed a suggestion of death pursuant to Rule 25 of the Federal Rules of Civil Procedure. ECF No. 24. The notice states simply that Mr. Kalna "has died during the pendency of this action." Id. On December 22, 2021, Plaintiffs filed a Motion to Strike the Suggestion of Death. ECF No. 36.

## II.  AMENDED COMPLAINT

Plaintiffs Meredith, Robert, and Sean Cogar are West Virginia residents and citizens and currently reside in Cowen, West

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21]**

Virginia. ECF No. 19, Am. Compl. ¶ 1. Defendant Scott Kalna (now deceased) was a resident and citizen of West Virginia and employed by the USDA Forest Service Law Enforcement and Investigation as an officer. Id. at ¶ 2. Defendant Allen Cogar, resident and citizen of West Virginia, was employed as a deputized federal agent or officer, working for the towns of Richwood and Cowen, West Virginia, under the direction of Defendant Kalna. Id. at ¶¶ 3-4. On or about March 9, 2017, Plaintiffs filed a claim under the Federal Tort Claims Act 28 U.S.C. 2674, were contacted by the U.S. Agriculture Office of their right to proceed with the filing of the complaint on or before April 13, 2021, and assert this Court has jurisdiction pursuant to § 1983 and Bivens.

On or about March 14, 2015, Plaintiff Sean Cogar ("Sean") was driving south on Route 20 in his Dodge pickup truck in Webster County near a facility known as Camp Caesar. Id. at ¶ 8. He came up behind a vehicle being driven by Defendants Scott Kalna and Allen Cogar (collectively "Defendants"). Id. Allen Cogar is the uncle to Sean Cogar. Id. at ¶ 20. Sean passed the vehicle and Defendants began to drive aggressively at Sean, making him fear for his safety. Id. at ¶ 9. This aggressive behavior caused Sean to attempt to outrun the Defendants' vehicle and "lose" them by

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21]**

the time he arrived at his home at 714 Pretty Glade Road, Cowen, Webster County, West Virginia. Id. at ¶ 10. Eventually Defendants took a different route to Sean's home and parked down the street from the home awaiting Sean's arrival. Id. at ¶ 11. Upon Sean's arrival, Defendants confronted him with their vehicle, in Plaintiffs' driveway, and began cursing at Sean and drawing pistols. Id. at ¶ 12.

Defendants never announced they were law enforcement officers. Id. at ¶ 13. Fearing for his life, Sean ran inside the home to get his parents, Plaintiffs Meredith and Robert Cogar. Id. at ¶ 14. Defendant Kalna kicked open the front door of the home and entered Plaintiffs' home with pistols drawn. Id. at ¶ 15. Meredith and Robert Cogar, who were asleep, woke up to being confronted by Defendants, or Defendant, and were instructed to stand back or be arrested. Id. at ¶¶ 16-17. Sean was forcibly detained, threatened, and accused of violating West Virginia law. Id. at ¶ 18. Plaintiffs believe the defendants were drinking. Id. at ¶ 19. Defendants knew that Sean was the nephew of Allen Cogar and knew his car and his home address. Id. at ¶ 20.

Plaintiffs assert the following causes of action:
I.   Bivens claim for Defendants intentionally, recklessly, and/or negligently, directly, and proximately causing

        emotional and mental distress, anxiety, frustration, humiliation, embarrassment and fear to be suffered by all plaintiffs without legal or other justification in violation of state and federal laws;
II. Fourth Amendment claim against Defendants for unreasonable search and seizure;
III. Excessive intimidation and outrageous conduct against Defendants for unlawfully brandishing weapons at plaintiffs and causing extreme fear without justification in violation of Plaintiffs' United States and State of West Virginia constitutional, statutory, and common law rights; and
IV. Unlawful detention and battery by Defendants' in their outrageous conduct and physically detaining and battering Plaintiff Sean Cogar, without any justifiable or reasonable cause.

Plaintiffs seek compensatory and punitive damages and a trial by jury.

### III. LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**Cogar et. al v. Kalna et. al**                                           **2:21cv6**

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21]**

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

## IV. DISCUSSION

Defendant Kalna, by counsel on August 19, 2021, filed a motion to dismiss under Rule 12(b)(6), asserting the defense of qualified immunity because he was a federal law enforcement officer at all times relevant to the complaint and his actions did not violate

6

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21]**

"clearly established" constitutional or other rights that a reasonable officer would have known in and around March 2015. Lange v. California, --- U.S. ---, 141 S.Ct. 2011 (2021) (answering question of whether officers following fleeing suspects into homes violates their Fourth Amendment rights was not "beyond debate" in March 2015). Because he believes he is entitled to a qualified immunity defense, Defendant Kalna argues that Plaintiffs' claims for unreasonable search and seizure under the Fourth Amendment fail.

   a. **Defendant Scott Kalna is entitled to qualified immunity because the alleged constitutional violation was not clearly established in March 2015; therefore, the Motion to Dismiss Amended Complaint is GRANTED.**

Qualified immunity can be afforded to government officials for discretionary acts taken in their official capacity. The protection extends to "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). An officer, generally, is protected by qualified immunity if his "actions could reasonably have been thought consistent with the rights . . . alleged to have [been] violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). The test to determine whether an officer is entitled to qualified immunity is two-fold: (1) taken in the light most favorable to the party

asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right, and (2) was that right clearly established such that a reasonable officer would have known? Pearson v. Callahan, 555 U.S. 223, 232 (2009) (citing Saucier v. Katz, 533 U.S. 194, 227 (2001)); Kisela v. Hughes, --- U.S. ---, 138 S.Ct. 1148, 1152-54 (2018). In determining whether a right is clearly established, the "dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Brosseau v. Haugen, 543 U.S. 194, 198-99 (2004) (citing Anderson, 493 U.S. at 201-202). The Court can address either prong first. Pearson, 555 U.S. at 236.

The Fourth Amendment protects people, and their "houses, papers, and effects" against "unreasonable searches or seizures." U.S. Const. amend. IV. "[T]he ultimate touchstone of the Fourth Amendment is reasonableness." Brigham City, Utah v. Stuart, 547 U.S. 398, 403 (2006). The Fourth Amendment "prohibits the police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest." Payton v. New York, 445 U.S. 573, 576 (1980). However, "the warrant requirement is subject to certain exceptions." Brigham City, 547

U.S. at 403. "One important exception is for exigent circumstances." Lange v. California, --- U.S. ---, 141 S. Ct. 2011, 2017 (2021).

In Stanton v. Sims, the Supreme Court found that officers were entitled to qualified immunity where they entered the home of a fleeing misdemeanant while in hot pursuit because "the law regarding warrantless entry in hot pursuit of a fleeing misdemeanant is not clearly established." 571 U.S. 3, 5-7 (2013). The Court in Lange subsequently clarified the Stanton standard for officers in hot pursuit of individuals suspected of misdemeanors:

> The flight of a suspected misdemeanant does not always justify a warrantless entry into a home. An officer must consider all the circumstances in a pursuit case to determine whether there is a law enforcement emergency. On many occasions, the officer will have good reason to enter—to prevent imminent harms of violence, destruction of evidence, or escape from the home. But when the officer has time to get a warrant, he must do so—even though the misdemeanant fled.

Lange, 141 S. Ct. at 2024.

Here, the Court determines the alleged constitutional deprivation was not clearly established on March 14, 2015. Compare Stanton v. Sims, 571 U.S. 3, 5-7 (2013), with Lange v. California, --- U.S. ---, 141 S. Ct. 2011, 2024 (2021). The alleged offense that brought Defendant Kalna to Plaintiffs'

Case 2:21-cv-00006-TSK   Document 40   Filed 03/29/22   Page 10 of 11 PageID #: 195

**Cogar et. al v. Kalna et. al**                                                          **2:21cv6**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS AMENDED COMPLAINT [ECF NO. 21]**

door is unclear. While potential charges might not be limited to misdemeanor offenses, the parties have shown no particularly serious crime committed by Plaintiffs, and Plaintiffs failed to allege facts making recovery plausible in light of the state of the law at the time of the offense.

Not until the year of 2021 would an officer "consider[ing] all the circumstances" be required to reasonably "determine . . . there [was] a law enforcement emergency" such that he did not have "time to get a warrant" with respect to fleeing suspected misdemeanants. Lange, 141 S. Ct. at 2024. The incident alleged in Plaintiffs' Amended Complaint occurred on March 14, 2015, making the alleged constitutional violation here – warrantless entry by an officer in pursuit of a fleeing suspected misdemeanant – not clearly established in 2015 such that a reasonable official would have known. Siegert v. Gilley, 500 U.S. 226, 232 (1991).

Defendant Kalna is entitled to a qualified immunity defense. As a matter of law, the alleged constitutional violation was not clearly established and the law regarding the pursuit of a fleeing suspected criminal into a home was not "beyond debate" in March 2015 and, therefore, Defendant Kalna did not violate clearly established constitutional or other rights that a reasonable

officer would have known. See Lange, 141 S.Ct. 2011 (2021); see also Siegert, 500 U.S. at 232. Defendant Kalna's Motion to Dismiss is **GRANTED** pursuant to the doctrine of qualified immunity. All claims asserted by Plaintiffs against Defendant Kalna are **DISMISSED,** and Defendant Kalna is hereby **DISMISSED** from this action.

## V.   CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss Amended Complaint is **GRANTED**. ECF No. 21. Defendant's Motion to Dismiss [ECF No. 9] is **GRANTED as moot.** Plaintiffs' Motion to Strike Suggestion of Death is **DENIED as moot.** ECF No. 36.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to all pro se parties and counsel of record herein.

**DATED:**   March 29, 2022

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA